**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH DAKOTA**

ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

**IRVIN N. HOYT**       **TELEPHONE (605) 224-0560**
**BANKRUPTCY JUDGE**       **FAX (605) 224-9020**

January 31, 2006

James I. Hare, Esq.
Counsel for Debtors
Post Office Box 60
Redfield, South Dakota  57469

Bruce J. Gering,
Assistant United States Trustee
230 South Phillips Avenue, Suite 502
Sioux Falls, South Dakota  57104-6321

    Subject:  *In re David and Sandra Durfee*,
                  Chapter 7, Bankr. No. 05-10354

Dear Counsel:

    The matter before the Court is the Motion for Judgment on the Pleadings filed by the United States Trustee regarding its earlier Motion to Dismiss for Substantial Abuse and Debtors' response thereto.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, the Motion for Judgment on the Pleadings will be granted, and Debtors' Chapter 7 case will be dismissed, unless Debtors voluntarily convert their case to Chapter 13.

    *Summary*.  David and Sandra Durfee ("Debtors") filed a Chapter 7 petition in bankruptcy on October 7, 2005.  According to their schedule of income, the couple did not have any dependents, and their combined monthly net income was $2,682.51.  Deducted from their gross income were $396.50 in 401k account deposits and $539.50 in 401k loan repayments.  According to their schedule of expenses, Debtors' usual monthly expenses totaled $2,925.00, which indicated they went further into debt each month by $242.49.  Debtors also reported on their statement of intention they would be surrendering a 2005 GMC pickup.  According to their schedules, they made a monthly payment of $635.00 for this vehicle and paid another $13.00 monthly for satellite radio service for it.

In re Durfee
January 31, 2006
Page 2


The United States Trustee timely filed a motion under 11 U.S.C. § 707(b) to dismiss Debtors' case on the grounds that granting them a discharge would be a substantial abuse of the Chapter 7 bankruptcy process. He argued when the 401k account payments and loan repayments were included as income, Debtors had monthly net income of $3,618.51. He also argued Debtors had overstated their expenses by $635.00 for payments on a vehicle they intended to surrender. When this adjustment was made, the United States Trustee calculated Debtors' monthly expenses were actually $2,290.00. When these reduced expenses were deducted from the income he had calculated, the United States Trustee argued Debtors were left with monthly disposable income of $1,328.50 with which they could fund a Chapter 13 plan.

Debtors responded with only a general denial. The United States Trustee followed with a motion for a judgment on the pleadings, since Debtors' response did not comply with Fed.R.Civ.P. 8(b) and Local Bankr. R. 9014-2(a).

*Discussion*. A motion for judgment on the pleadings is granted only where the moving party has clearly established there are no material issues of fact and the moving party has shown it is entitled to a judgment as a matter of law. *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004). The Court must "accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant. *Id*. (cites therein).

Under 11 U.S.C. § 707(b), the Court may dismiss a Chapter 7 case "if it finds that the granting of relief would be a substantial abuse" of chapter 7. The statute is intended to promote fairness to creditors and prevent the use of Chapter 7 by debtors who were not needy. *Stuart v. Koch (In re Koch)*, 109 F.3d 1285, 1288 (8th Cir. 1997).

The Bankruptcy Code does not define "substantial abuse." In interpreting § 707(b), the Eighth Circuit Court of Appeals has, however, held that the primary inquiry is whether the debtor has the ability to pay his creditors. *Id*. (citing *In re Walton*, 866 F.2d 981, 983 (8th Cir. 1989)); *Nelson v. Siouxland Federal Credit Union (In re Nelson)*, 223 B.R. 349, 353 (B.A.P. 8th Cir. 1998). A debtor's ability to pay his creditors is measured by evaluating the

In re Durfee
January 31, 2006
Page 3

debtor's financial condition in a hypothetical Chapter 13 case. *Id.* The analysis includes the expectation that the debtor would put forth his best efforts in a Chapter 13 plan. *In re Shelley*, 231 B.R. 317, 319 (Bankr. D. Neb. 1999); *In re Pamela E. Beauchamp*, Bankr. No. 97-50487, slip op. at 6 (Bankr. D.S.D. May 28, 1998) (citing *Hagel v. Drummond (In re Hagel)*, 184 B.R. 793, 798 (B.A.P. 9th Cir. 1995)). If a debtor has the substantial ability to pay his creditors, that alone warrants dismissal of the Chapter 7 case. *Koch*, 109 F.3d at 1288.

This Court has previously ruled a debtor may not divert funds into a 401K account that would otherwise be available to pay creditors. *In re Myron L. and Charmaine R. Haar*, Bankr. No. 00-10183, slip op. at 7 (Bankr. D.S.D. May 7, 2001); *see In re Douglas J. Simmons*, Bankr. No. 02-40805, slip op. at 3 (Bankr. D.S.D. November 22, 2002); *In re Daniel J. and Arlene F. Goergen*, Bankr. No. 99-50511, slip op. at 3 (Bankr. D.S.D. March 17, 2000); *In re Robert D. and Susan R. Mendelsohn*, Bankr. No. 98-40099, slip op. at 10 (Bankr. D.S.D. November 10, 1998). The debtor, in other words, cannot utilize the Chapter 7 process when he chooses to pay himself before he pays his creditors. The reasoning applies both to 401k account deposits and 401k loan repayments.

> Though Debtors may have to pay a tax penalty if they default on the 401(k) loans, repaying the loans is still essentially repaying themselves. *In re Cohen*, 246 B.R. 658, 665-67 (Bankr. D. Colo. 2000)(quoting *In re Shirley*, Bankr. No. 99-01365-W, 2000 WL 150835, slip op at 3 (Bankr. N.D. Iowa January 4, 2000)).

*Haar*, slip op. at 7.[1] This has been the Court's policy for several years, *see, e.g., Mendelsohn*, slip op. at 10-11 (debtor-federal employee cannot make Thrift Savings Plan contributions with her employer to the disadvantage of her creditors).[2] Debtors have not

---

[1] Summarized in the *Haar* decision is Chapter 13 Trustee Dale A. Wein's testimony regarding how penalties that may result from a debtor not timely repaying a 401k loan can be treated in a Chapter 13 plan. *Haar*, slip op. at 4.

[2] Changes to the Code wrought by the BANKRUPTCY ABUSE PREVENTION AND CONSUMER PROTECTION ACT OF 2005 may yield a different result for

In re Durfee
January 31, 2006
Page 4


offered any argument why a different conclusion should be reached in this case.

When Debtors' net income is recalculated to include the 401k plan contributions and the 401k loan repayments, and when their monthly expenses are recalculated to exclude the monthly payment for the vehicle they are surrendering to the creditor, Debtors have monthly disposable income of well over $1,000. With this money, they could fund a meaningful Chapter 13 plan. Accordingly, Debtors' Chapter 7 case will be dismissed under § 707(b) unless they voluntarily convert their Chapter 7 case to a Chapter 13 case within 10 days. An appropriate order will be entered.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

CC:  case file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

**NOTICE OF ENTRY**
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

---

cases filed after October 16, 2005.